

# ARKANSAS COURT OF APPEALS

DIVISION IV
No.  CR–12–842

| | |
|---|---|
| CARLOS D. WILLIAMS<br>APPELLANT | Opinion Delivered December 4, 2013 |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2009-283] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | REMANDED TO SUPPLEMENT AND SETTLE RECORD; REBRIEFING ORDERED |

### RITA W. GRUBER, Judge

This is the second time this case has been on appeal. In the first, Carlos D. Williams's counsel filed a no-merit brief along with a motion to withdraw as counsel. *Williams v. State*, 2013 Ark. App. 324. We remanded for supplementation of the record and rebriefing. *Id*. The case has returned to us in a merit format. Because the record is again incomplete and we do not have the documents we need to decide this appeal, we remand the case to the trial court to settle the record.

Although we do not yet have a complete record and addendum, these are the facts we can determine from the record and addendum that are before us. Mr. Williams was placed on three years' probation on April 24, 2009, after pleading guilty to theft by receiving in case number CR–2009-283. In a judgment and commitment order filed on February 18, 2010, his probation was revoked. The only sentence imposed in the order is "60 days in

CCDC to see if TN accepts probation; if TN doesn't accept probation then to serve 4 mo. in RPF." The order does not sentence appellant to probation. The docket sheet contains an entry on February 18, 2010, stating that appellant was found to be "in violation" and that his probation was "extended five years." The entry also states that he was to be held for 60 days during a transfer request to TN or six months in RPF if not accepted for transfer, with credit given for the 60 days. Finally, although the record contains no conditions of probation filed on February 18, 2010, the record does contain conditions of probation for this case dated and filed on November 10, 2011, providing that appellant was placed on 96 months' probation beginning April 24, 2009, extended by 5 years on February 10, 2010. A handwritten note signed and dated by the trial judge at the bottom of the document provides the following: "The court finds that when defendant sentenced to probation 2/18/10 the defendant was not provided terms and conditions. This is to correct that."

On May 1, 2012, the State filed an amended petition to revoke Williams's probation in case number CR–2009-283, stating that he was convicted on November 11, 2011, of theft by receiving and received a sentence of eight years' probation. After a hearing, the court found that Williams violated the conditions of his probation and entered an order on July 16, 2012, revoking probation and sentencing him to 10 years' imprisonment. It did not appear to us in the first no-merit appeal filed in this case that any order was entered on November 11, 2011, and we remanded to supplement the record because the conditions of probation filed on November 10, 2011, referenced an order entered on February 18, 2010, which was not in the record or addendum. *Id*. Williams's counsel has included that February order in

the record and addendum filed in this appeal. We note that in our opinion, we urged counsel to "carefully examine the record and review the rules before submitting the supplemental record and brief." *Id.*

Counsel's sole argument in this merit appeal is that Williams's ten-year prison sentence is void because the February 18, 2010, order did not impose probation and, therefore, the trial court had no jurisdiction to consider and act on the State's amended petition to revoke filed on May 1, 2012. He contends that, although the conditions of probation entered on November 10, 2011, reflect that a 96-month probation was imposed on February 18, 2010, the conditions were not a judgment. Again, we do not believe that the record contains all of the documents material to our review in this case. The docket sheet in the addendum contains two entries dated May 17, 2010: one states "Conditions of Probation or Suspended Imposition of Sentence filed," and the other states "Amended Judgment and Disposition Order filed." Because these documents are not in the addendum or the record on appeal, we do not know whether they pertain to the February 18, 2010, order or the revocation appellant is appealing here.

If anything material to either party is omitted from the record by error or accident, we may direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)). We strongly urge appellant's counsel and the clerk of the circuit court to examine the record carefully to ensure that it contains all documents necessary for us to confirm our jurisdiction, understand the case, and decide the

3

SLIP OPINION

issues on appeal. We remand to the trial court for the record to be settled and supplemented within 30 days. Upon supplementation and filing with our court, the clerk will set a new briefing schedule.

Remanded to supplement and settle the record; rebriefing ordered.

GLADWIN, C.J., and WALMSLEY, J., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.