SLIP OPINION



Cite as 2014 Ark. App. 195

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-12-842

| | | |
|---|---|---|
| CARLOS D. WILLIAMS APPELLANT | | **Opinion Delivered** March 19, 2014 |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2009-283] |
| STATE OF ARKANSAS APPELLEE | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | | AFFIRMED; MOTION GRANTED |

## RITA W. GRUBER, Judge

This is the third time this revocation case has come to us on appeal. In the first, Carlos D. Williams's counsel filed a no-merit brief along with a motion to withdraw as counsel. *Williams v. State*, 2013 Ark. App. 324. We remanded for supplementation of the record and rebriefing. *Id.* The case returned in merit format, but we remanded it to the trial court to settle the record because it did not contain all the relevant orders. *Williams v. State*, 2013 Ark. App. 708. It is now back, and counsel has filed a motion to withdraw on grounds that the appeal is without merit and an accompanying brief in which counsel explains why there is nothing in the record that would support an appeal. We affirm appellant's conviction and grant counsel's motion to withdraw.

The clerk of this court served appellant with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days. Appellant did not file a statement of points for reversal as authorized by Ark. Sup. Ct. R. 4-3(k)(2)

(2013), but he did file a petition to correct an illegal sentence and a "motion to correct clerical mistake in commitment order." Both are styled to be filed in the Circuit Court of Crittenden County; however, neither contains a file stamp. He appears to contend in those documents that an order entered on February 18, 2010, sentenced him to ten years rather than five years, as he alleges it should.

Appellant was sentenced on the underlying offense of theft by receiving on April 24, 2009, and placed on three years' probation. On February 18, 2010, his probation was revoked, and the court sentenced him to "60 days in CCDC to see if TN accepts probation; if TN doesn't accept probation then to serve 4 mo. in RPF." The docket sheet entry for February 18, 2010, states that appellant was found to be "in violation" and that his probation was "extended five years." The entry also states that appellant was to be held for 60 days during a transfer request to TN or six months in RPF if not accepted for transfer. The court entered an amended judgment and disposition order on May 17, 2010, sentencing appellant to four months' RPF and 84 months' probation with a handwritten note by the sentence of probation that states "5 years extension of probation from 2-18-10."

The order on appeal here was entered on July 16, 2012, after a revocation of appellant's probation, and sentenced appellant to 120 months in the Arkansas Department of Correction. In the documents that appellant filed, he states that an order entered on February 18, 2010, improperly sentenced him to ten years instead of five years; it is unclear whether he means imprisonment or probation. In any event, the order entered February 18, 2010, sentenced him to neither of those periods of time and was superseded by an amended

order entered on May 17, 2010. Moreover, the 84-month sentence of probation in the amended order was revoked for violation of the conditions of that probation by the order entered on July 16, 2012, sentencing him to 120 months' imprisonment. Appellant cites no authority for his contention, and we reject it.

The sufficiency of the evidence to revoke was the only ruling adverse to appellant. From our review of the record and counsel's brief, we find compliance with Rule 4–3(k) and that the appeal is without merit. Therefore, we grant counsel's motion to withdraw, and we affirm the conviction.

Affirmed; motion granted.

WYNNE and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.